IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO,<br><br>Plaintiff,<br>v.<br><br>JULIAN MASONRY CORP., TITAN MASONRY, INC., JULIAN BORCZYK, and MALGORZATA GOSCIMINSKA<br>Defendants. | Hon. Blanche M. Manning<br><br>Case No. 08 CV 3833 |

## ANSWER TO COMPLAINT

NOW COMES the Defendant, JULIAN BORCZYK ("Mr. Borczyk"), by and through his attorneys, BERGLUND & MASTNY, P.C., and for his Answer to the Complaint of Plaintiff, ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO ("Union"), states as follows:

1. The Court has jurisdiction over this matter and venue is proper pursuant to §301 of the Labor-Management Relations Act, 29 U.S.C. §185 ( a ) and ( c ).

**ANSWER:**   Deny.

2. The Union is a "labor organization" within the meaning of 29 U.S.C. §152 ( 5 ), and it maintains its principal place of business within this district.

**ANSWER:**   Admit.

3. Julian is an Illinois corporation in the mason contracting business, does business within this district, and is an "employer" within the meaning of 29 U.S.C. §152 ( 2 ).

**ANSWER:**   Admit.

4. Titan is an Illinois corporation in the mason contracting business, does business within this district, and is an "employer" within the meaning of 29 U.S.C. §152 ( 2 ).

**ANSWER:**   Admit.

5.   Mr. Borczyk is an individual who is an "employer" within the meaning of 29 U.S.C. §152 ( 2 ), lives within this district, and, on information and belief, is the sole officer and shareholder of Julian.

**ANSWER:**   Defendant denies that he is an employer within the meaning of 29 U.S.C. § 152(2).  Defendant admits the remaining allegations made in this paragraph.

6.   Ms. Gosciminska is an individual who is an "employer" within the meaning of 29 U.S.C. §152 ( 2 ), lives within this district, and, on information and belief, is the sole officer and shareholder of Titan.

**ANSWER:**   Defendant denies that Ms. Gosciminska is an employer within the meaning of 29 U.S.C. § 152(2).  Defendant admits the remaining allegations made in this paragraph.

7.   On or around June 1, 2002, Mr. Borcyzk signed a short collective bargaining agreement ("CBA") with the Union on behalf of G & B Construction, Inc. ("G & B").

**ANSWER:**   Admit.  Answering further, Defendant states that Julian Borczyk and G & B filed for bankruptcy under Chapter 7 of the Bankruptcy Code on June 27, 2003 and November 18, 2003 respectively.

8.   The CBA incorporates the substantiative terms of the agreements negotiated from time to time between the Union and various employer associations ("Association Agreement").

**ANSWER:**   Admit.

9.   The Association Agreement provides, among other things, that employers must utilize eligible members of the bargaining unit to perform bargaining unit work and must pay specified wages and fringe benefit fund contributions for such work, and that disputes are to be resolved through a grievance procedure that culminates in presentation of claims to, and resolution of those

claims by, a joint arbitration board ("JAB").

**ANSWER:** Defendant is without sufficient knowledge to admit or deny these allegations.

10. Following a hearing conducted on August 25, 2005, the JAB ruled that based on the relationship among Julian, G & B, and Borczyk, and based on information presented to the JAB about work performed by Julian, Julian had become bound to the CBA at least as of September 1, 2002, and was liable for any violations of the CBA.

**ANSWER:** The Defendant admits that the JAB made these findings. Answering further, Defendant states that the JAB's actions are void because Julian Borczyk and/or G & B had filed for Chapter 7 Bankruptcy and on the ground that whether Defendant was liable and bound to arbitrate is a question of arbitrability for the court to decide.

11. The Union served that decision on Julian and its attorney by letters of September 30, 2005.

**ANSWER:** Admit.

12. By letter of November 15, 2007, the Union informed Julian, Titan, Borczyk and Gosciminska (together, the "Defendants") of an allegation that based on the relationship among them, each of them was bound to and liable for the obligations created under the CBA, and therefore, each was liable for numerous violations of the CBA; and the Union further informed them that the allegations against them would be presented to the JAB at a hearing on December 3, 2007, which the letter urged them to attend.

**ANSWER:** Admit. Answering further, Defendant states that the JAB's actions are void because Julian Borczyk and/or G & B had filed for Chapter 7 Bankruptcy and on the ground that whether Defendant was liable and bound to arbitrate is a question of arbitrability for the court to decide.

3

13. On November 28, 2007, an attorney who indicated he represents Julian sent a letter to the Secretary of the JAB requesting a postponement, and the Union agreed to reschedule the case to February 7, 2008, the next session of the JAB.

**ANSWER:** Admit.

14. The Union provided notice to Julian's attorney of the postponement and new hearing date by letter of December 5, 2007, and then provided further notice of the new hearing date to each of the Defendants by letters of January 17, 2008.

**ANSWER:** Admit.

15. The JAB hearing was held as scheduled on February 7, with a representative of a constituent local affiliate of the Union presenting the case in support of the grievance, but with nobody appearing on behalf of any of the Defendants in opposition.

**ANSWER:** Admit. Answering further, Defendant states that he was unable to attend the February 7th grievance.

16. Following the presentation of evidence and arguments, the JAB rendered its award, and subsequently issued a written decision, a copy of which is attached to the Complaint as Exhibit A.

**ANSWER:** Admit. Answering further, Defendant denies that the JAB had jurisdiction over him.

17. The JAB sustained the grievance, ruled that for purposes of the CBA, Julian, Titan, Borczyk and Gosciminska are one and the same and are all bound to and liable for the obligations under the CBA; ruled that there had been numerous violations of the CBA resulting in damages; and ordered that Julian, Titan, Borczyk, and Gosciminska pay damages totaling $226,154.04 to the Union and various fringe benefit trust funds identified in the Association Agreement, and also ruled

that if the Defendants failed to comply with the award and there were any legal action concerning it, they would be required to reimburse the Union and/or the fringe benefit trust funds for all costs and legal fees incurred in such legal action and would be required to pay interest at the rate of 10% per year on all damages from February 7, 2008, to the date of payment.

**ANSWER:**   Admit.  Answering further, Defendant denies that the JAB had jurisdiction over him.

18. The Union mailed copies of the arbitration award to each of the Defendants on or around March 5, 2008, along with a letter urging them to comply.

**ANSWER:**   Admit.  Answering further, Defendant denies that the JAB had jurisdiction over him.

19. Each of the Defendants received the letter and copy of the award, and signed acknowledgments of receipt on March 6.

**ANSWER:**   Admit.  Answering further, Defendant denies that the JAB had jurisdiction over him.

20. On March 10, 2008, an attorney who indicated he represents Borczyk, Gosciminska, and Titan wrote to the Union to voice his disagreement with the propriety of the award against his clients; and there was then an exchange of correspondence between him and the Union's lawyer.

**ANSWER:**   Admit.  Answering further, Defendant denies that the JAB had jurisdiction over him.

21. Despite being served with the arbitration award and being urged to comply with it, the Defendants have failed to comply.

**ANSWER:**   Admit.  Answering further, Defendant denies that the JAB had jurisdiction over him.

22.  The Defendants' failure to comply with the arbitration award is a breach of the labor contract that the JAB properly found to be binding on them.

**ANSWER:** Deny.

### Affirmative Defenses

1.  The issue as to whether Defendant was bound to a collective bargaining agreement with Plaintiff and therefore obligated by the arbitration clause is a question of arbitrability for the Court. The JAB lacks jurisdiction to determine if Defendant is bound to a Collective Bargaining Agreement with Plaintiff. Thus, this Court lacks subject matter jurisdiction over Plaintiff's Complaint.

2.  The JAB actions are void, unenforceable, and have no effect because Julian Borczyk and/or G & B Construction, Inc. filed for bankruptcy under Chapter 7 of the Bankruptcy Code.

WHEREFORE, the Defendants pray this Honorable Court dismiss the Complaint filed herein, award Defendant his attorney's fees and costs, and award him such other relief deemed just and equitable.

Respectfully submitted,

By  /s/ Joseph P. Berglund

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-2229
(630) 990-0234

J:\C-Drive\WPDOCS\JULIAN MASONRY\Answer to Complaint - Julian Borczyk.wpd